

NUMBER 13-17-00072-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JUAN ANTONIO NEVAREZ SR.,                                              Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the County Court at Law No. 1
of Victoria County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Juan Antonio Nevarez Sr. appeals the trial court's denial of his motion

to suppress evidence gained from his detention.   We affirm as modified.

### I.     BACKGROUND

The State charged Nevarez by information with committing the offense of driving

while intoxicated with a previous offense, a Class A misdemeanor.   *See* TEX. PENAL CODE

ANN. §§ 49.04, 49.09(a) (West, Westlaw through 2017 1st C.S.). Nevarez filed a motion to suppress evidence in which he argued the police lacked reasonable suspicion to detain him. Prior to trial, the State abandoned the language in the information alleging Nevarez had a prior conviction and as such, Nevarez was only convicted of a Class B misdemeanor of driving while intoxicated. *Id.* § 49.04.

The trial court held a hearing on the motion to suppress at which the State stipulated that Nevarez was detained without a warrant. At the hearing, the State called Deputy Germanique Hernandez of the Victoria County Sheriff's Office, the arresting officer, to testify. She is a ten-year veteran with the Victoria County Sheriff's Office. Deputy Hernandez testified that on the evening of January 2, 2014, at approximately 10:00 in the evening, she observed Nevarez's vehicle driving very slowly in the center turn lane. She further described how she watched his vehicle waiting for him to make a turn. When she drove up next to Nevarez, with her overhead lights off, Nevarez brought his vehicle to a complete stop. Deputy Hernandez explained that she believed the vehicle was having mechanical issues or could have run out of gas, and she decided to check on the situation. Deputy Hernandez backed up her patrol vehicle and pulled behind Nevarez's vehicle, activated her lights, and exited her vehicle to approach Nevarez's vehicle. She testified that at that point, Nevarez exited his vehicle and she requested he return to his vehicle. Deputy Hernandez testified that upon approaching Nevarez, she detected signs of intoxication including glassy eyes, slurred speech, and the odor of alcohol. Additionally, the State offered and admitted the dashboard camera video from Deputy Hernandez's patrol vehicle to corroborate her testimony. Nevarez did

2

not present any evidence.   The trial court denied his motion to suppress.

The trial court later filed the following findings of fact and conclusions of law at the

State's request:

**Findings of Fact and Conclusions of Law**

1. That the Defendant, Juan Antonio Nevarez, Sr., ("Defendant"), was the operator of a motor vehicle in Victoria County, Texas on December 2, 2013.[1]

2. The Defendant stopped his vehicle in the dark of night in the center turn lane after being observed by Deputy Hernandez to be driving at a very slow speed creating a situation that was inherently dangerous to both officer and the Defendant on public road way.

3. The Defendant's driving behavior and sudden stop in the middle of a roadway, gave rise to a reasonable suspicion that the driver was in distress, having to address a disabled vehicle in the middle of a roadway.

4. The Defendant's position on the roadway presented an immediate danger to the Defendant, his passenger, and other driver's [sic] upon the roads of Victoria County, Texas.

5. The facts in the case before the court are distinguishable from *Leming v. State*, 454 S.W.3d 78 (Tex. App.—Texarkana 2014), and *Byram v. State*, in that the defendant stopped his vehicle in the middle of a roadway, as opposed to the side of the road, placing himself, his passenger and other driver's in peril.

6. Additionally, the Defendant had committed a traffic violation by obstructing the roadway and was lawfully stopped by Deputy Hernandez.

7. Further, the Defendant's driving, stopping in the middle of a roadway, combined with the time of night, gave rise to a reasonable suspicion that the Defendant may have been intoxicated.

8. Upon Deputy Hernandez approaching the defendant and making contact with the defendant, smelled an odor of an alcoholic beverage, thus, it was reasonable for the Deputy to investigate the situation further.

---

[1]     Deputy Hernandez's police report contained a typographical error stating the incident date as "December 2, 2013", as noted during the motion to suppress.   The actual incident date was January 2, 2014.

3

9. Because Defendant had stopped his vehicle in the center turn lane of traffic and Deputy Hernandez smelled an odor of an alcoholic beverage, observed glassy, blood shot eyes and slurred speech it was reasonable for the Deputy to remove the defendant from his vehicle and conduct an investigation for driving while intoxicated.

10. The requisites of *Miranda* are not implicated by this situation because it was a temporary detention warranted by the exigency of the circumstances. The detention was brief and no longer than needed to assist the defendant vehicle with his vehicle.

This appeal followed.

## II. DISCUSSION

Nevarez argues that the trial court erred in overruling his motion to suppress. Specifically, Nevarez argues: (1) the findings of fact and conclusions of law are not supported by the record, (2) the search was unreasonable, (3) there was no reasonable suspicion to initiate contact, and (4) the stop was not within the "community caretaking function" exception to the Fourth Amendment.

### A. Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress for an abuse of discretion, reversing only if the trial court's ruling is outside the zone of reasonable disagreement. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). We apply a bifurcated standard of review under which we give almost total deference to the trial court's determination of historical facts if supported by the record. *State v. Duran*, 396 S.W.3d 563, 570 (Tex. Crim. App. 2013). We give the same level of deference to the court's resolution of mixed questions of law and fact which rely upon the credibility of a witness, but review *de novo* pure questions of law and mixed questions that do not depend on

4

credibility determinations. *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011). We view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Valtierra v. State*, 310 S.W.3d 442, 447–48 (Tex. Crim. App. 2010). When a trial court makes explicit fact findings, the appellate court determines whether the evidence, viewed in the light most favorable to the trial court's ruling, supports these fact findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). The appellate court then reviews the trial court's legal ruling de novo unless the trial court's supported-by-the-record explicit fact findings are also dispositive of the legal ruling. *Id*. "However, in order to determine whether the evidence supports the trial court's implicit finding, the court of appeals must take all of the evidence, including the video, into account." *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. CONST. amend. IV. The defendant in a criminal proceeding who alleges a Fourth Amendment violation bears the burden of producing "some evidence" that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). A defendant meets his burden by establishing that a search or seizure occurred without a warrant. *Id.* The burden then shifts to the State to prove that the search or seizure was nonetheless reasonable under the totality of the circumstances. *Id.*

A traffic stop is a "seizure" for Fourth Amendment purposes. *State v. Torrez*, 490 S.W.3d 279, 283 (Tex. App.—Fort Worth 2016, pet. ref'd). An officer may conduct a

traffic stop if it is supported by reasonable suspicion of criminal activity. *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015). "Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Id.* (internal quotation marks omitted). The test for reasonable suspicion is an objective one that disregards the subjective intent of the officer and looks solely to whether there was an objective basis for the stop. *Brodnex v. State*, 485 S.W.3d 432, 437 (Tex. Crim. App. 2016). While the facts known to the officer need not rise to the level of probable cause, she "must have more than an inarticulable hunch or mere good-faith suspicion that a crime was in progress." *Id.* We decide whether reasonable suspicion existed by looking at the facts and circumstances known to the officer at the time the detention began. *Id.* Whether the facts known to the officer amount to reasonable suspicion is a mixed question of law and fact that we review *de novo*. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012).

## B.    Analysis

In his motion to suppress, Nevarez sought to suppress the evidence obtained as a result of the "unlawful contact, detention and arrest of Defendant, and of any subsequent search of a 1998 Chevrolet Camaro Defendant was in . . . ." Nevarez contended that he was impermissibly detained and contacted by Deputy Hernandez without a warrant, and without reasonable suspicion, probable cause, or legal process.

### 1.    Findings of Fact and Conclusions of Law

6

Nevarez argues that the relevant findings of fact and conclusions of law reached by the trial court are not supported by the record.

### a. Paragraph 2

The trial court found that Nevarez's behavior of driving at a very slow speed and stopping his vehicle in the center turn lane was inherently dangerous. Deputy Hernandez testified during the hearing that it was not safe to stop a vehicle in the middle of the road. She further explained that her reasoning for pulling up behind Nevarez and activating her lights were for safety reasons, indicating her belief that the situation warranted safety precautions. The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). The trial judge heard Deputy Hernandez's testimony regarding the actions of Nevarez and her reasoning for her reactions. Given Deputy Hernandez's testimony, the trial judge was reasonable in determining there was a safety issue with Nevarez's driving actions.

### b. Paragraph 3

The trial court found that Nevarez's "sudden stop in the middle of the roadway gave rise to a reasonable suspicion that the driver was in distress." Part of an officer's duty to "serve and protect" involves stopping and assisting "an individual whom a reasonable person—given the totality of the circumstances—would believe is in need of help." *Doiron v. State*, 283 S.W.3d 71, 75 (Tex. App.—Beaumont 2009, no pet.) (citing *Wright*

*v. State*, 7 S.W.3d 148, 151 (Tex. Crim. App. 1999)).

In determining whether a police officer's belief that assistance is needed was reasonable, we look to the following non-exclusive factors: (1) the nature and level of the distress exhibited by the individual; (2) the location of the individual; (3) whether or not the individual was alone and/or had access to assistance independent of that offered by the officer; and (4) to what extent the individual—if not assisted—presented a danger to himself or others. *Corbin v. State*, 85 S.W.3d 272, 277 (Tex. Crim. App. 2002). Deputy Hernandez observed Nevarez's vehicle moving very slowly in the center turn lane before it came to a complete stop in the middle of the road. Deputy Hernandez believed Nevarez's vehicle might have broken down and she further indicated that the location, being in the middle of the road, could present a safety hazard. The driving behaviors of Nevarez, the location of his vehicle, and Deputy Hernandez's safety concerns all support the reasonableness of Deputy Hernandez's actions in approaching Nevarez's vehicle. The presence of a passenger in his vehicle does not negate the other three factors. Therefore, this finding supported by the record.

### c.      Paragraph 4

The trial court found that Nevarez's "position on the roadway presented an immediate danger to the Defendant, his passenger and other drivers upon the roads of Victoria County, Texas." Consistent with our discussions previously about the trial court's determination regarding the safety and danger of Nevarez's actions, we find the record supports this finding.

### d.      Paragraph 5

The trial court distinguished the present case from two cases stating that the two cases cited by Nevarez for purposes of supporting his motion to suppress dealt with issues different from the case at bar. In its findings of fact and conclusions of law, the trial court found that the two cases, *Byram v. State* and *Leming v. State*, dealt with vehicles which were on the side of the road, rather than stopped in the center turning lane. *See Byram v. State*, 478 S.W.3d 905 (Tex. App.—Fort Worth 2016); *see also Leming v. State*, 454 S.W.3d 78 (Tex. App.—Texarkana 2016). Nevarez argues that the cases are not distinguished by their positioning on a roadway and are instructive in his case. *Byram* involved a police officer who noticed, while at a red light next to the defendant's vehicle, that the passenger of the vehicle looked to be in need of medical attention. *Byram*, 478 S.W.3d at 907. The police officer suspected, based on the smell of alcohol he detected from the vehicle, that the passenger may have been unconscious from alcohol poisoning. *Id.* The officer attempted to speak to Byram while at the light to determine if they needed assistance, but Byram did not respond and drove off when the light turned green. *Id.* The officer then conducted a traffic stop. *Id.* The Court of Appeals held that the officer's actions were not within the community caretaking function because "this case 'strongly tends to involve no apparent distress.'" *Id.* citing *Wiseman v. State*, No. 02–06–00021–CR, 2006 WL 3334171, at *7 (Tex. App.—Fort Worth Nov. 16, 2006, pet ref'd) (mem. op., not designated for publication). Similarly, *Leming* involved a traffic stop occurring after the police officer received a report of a vehicle swerving from side to side while driving down the road. *Leming v. State*, 454 S.W.3d at 84. The Court of Appeals held that the community caretaking exception did not apply

9

because the defendant did not appear to be in distress, was not operating in a dangerous manner, and was moving with the flow of traffic. *Id.* at 86.

However, notably, since the time of Nevarez's reliance on both *Byram* and *Leming* in his motion to suppress, the Court of Criminal Appeals has reversed the opinions in each case and reinstated the judgments to deny the respective motions to suppress. *See Byram v. State*, 510 S.W.3d 918 (Tex. Crim. App. 2017); *see also Leming v. State*, 493 S.W.3d 552 (Tex. Crim. App. 2016). Because the cases relied upon by Nevarez in his motion to suppress have been reversed, the two cases now lend support to the denial of Nevarez's motion to suppress.

### e. Paragraph 6

The trial court found that Nevarez had committed a traffic violation by obstructing a roadway. Nevarez argues that there is nothing in the record to support this conclusion of law made by the trial court. We agree. The State did not argue, nor did they present any testimony or evidence that Nevarez was obstructing the roadway pursuant to the Texas Penal Code. *See* Tex. Pen. Code Ann. § 42.03 (West, Westlaw through 1st 2017 C.S.) (obstructing highway or other passageway). While we agree that there is not enough in the record to support this finding, this paragraph is not dispositive of nor is it controlling in the denial of the motion to dismiss.

### f. Paragraph 7

The trial court concluded that the totality of the circumstances gave rise to reasonable suspicion to believe Nevarez may have been intoxicated. As we have previously found that Deputy Hernandez initiated her interaction with Nevarez as part of

her caretaking function, reasonable suspicion to believe Nevarez was intoxicated was unnecessary. *See Byram*, 510 S.W.3d at 925. Because Deputy Hernandez was reasonable in her belief that Nevarez needed assistance, we need not determine whether the record supports the trial court's finding on reasonable suspicion relating to the offense of driving while intoxicated.

### 2. Caretaking Function of Deputy Hernandez

At the beginning of the suppression hearing the State stipulated that Nevarez was arrested without a warrant and shifted the burden to the State to prove that the detention was nonetheless reasonable. *See Amador*, 221 S.W.3d at 672. However, the State argues that the encounter was consensual and a caretaking function of the deputy, and therefore, no reasonable suspicion was needed. The Supreme Court has determined that there are three distinct types of interactions between police and citizens: (1) consensual encounters, which require no objective justification; (2) investigatory detentions, which require reasonable suspicion; and (3) arrests, which require probable cause. *State v. Castleberry*, 332 S.W.3d 460, 466 (Tex. Crim. App. 2011). When a police-citizen encounter is consensual, the Fourth Amendment and its protections are not implicated. *Id.*

> "In the absence of . . . evidence [typically associated with the seizure of a person-like the display of a weapon, physical touching, or the threatening presence of several officers], otherwise offensive contact between a member of the public and police cannot, as a matter of law, amount to a seizure of that person."

*State v. Woodard*, 341 S.W.3d 404, 413 (Tex. Crim. App. 2011) (citing *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)).

11

Determining whether an officer may properly invoke his community-caretaking function is thus "a two-step inquiry: (1) whether the officer was primarily motivated by a community-caretaking purpose; and (2) whether the officer's belief that the individual needed help was reasonable." *Gonzales v. State*, 369 S.W.3d 851, 854–55 (Tex. Crim. App. 2012). The initial inquiry is subjective: What was Deputy Hernandez's primary motivation for the stop? This is a factual question that turns on the credibility and demeanor of Deputy Hernandez when she testified at the suppression hearing. *See Gonzales*, 369 S.W.3d at 855 (deferring to the trial court's determination of an officer's primary motivation for a community-caretaking stop when it was supported by the record because the issue "depends so much on credibility and demeanor"); *see also Byram*, 510 S.W.3d at 922. Deputy Hernandez testified that she was initially concerned that Nevarez's vehicle may have broken down or run out of gas given his sudden stop in the middle of the road and his slow speed prior to his stopping. The trial court found this testimony to be true, finding that Nevarez's driving behavior "gave rise to a reasonable suspicion that the driver was in distress, having to address a disabled vehicle in the middle of a roadway." We defer to this implied finding accordingly, as previously discussed. Because the record supports the conclusion that Deputy Hernandez's primary motivation for stopping was to assist Nevarez in what she believed to be a disabled vehicle situation, we proceed to the inquiry of whether her belief was reasonable.

The reasonableness of Deputy Hernandez's belief that Nevarez needed help is an application-of-law-to-fact question. *Byram*, 510 S.W.3d at 923. Whether the Deputy's belief was reasonable that Nevarez needed assistance is determined in part by a non-

12

exclusive list of relevant factors. *See Wright*, 7 S.W.3d at 152. As discussed previously in this Opinion, Deputy Hernandez's belief was reasonable given Nevarez's sudden stop in the middle of the street, her observations of Nevarez's slow speed prior to his stop, and the safety issues she believed his driving behaviors created. Considering the totality of the circumstances surrounding Nevarez's vehicle coming to a complete stop in the street, a reasonable person could have believed he needed assistance. Deputy Hernandez's decision to intervene was reasonable. *See Byram*, 510 S.W.3d at 925. Once Deputy Hernandez stopped to assist Nevarez, she testified that she smelled an odor of alcohol and observed Nevarez as having blood shot eyes and slurred speech. Deputy Hernandez's decision to assist Nevarez and subsequent search and seizure was not unreasonable. *See Wright*, 7 S.W.3d at 151 (a search or seizure is not unreasonable when it is done pursuant to a valid exercise of the community caretaking function). Therefore, the search and seizure was reasonable. We overrule Nevarez's first issue.

### III. MODIFICATION OF THE JUDGMENT

Nevarez's counsel and the State agree that there is an error within the judgment. The judgment incorrectly states that Nevarez was convicted of the offense of driving while intoxicated second offense, a Class A misdemeanor. Both parties agree that the State abandoned the enhancement language and as such, Nevarez was convicted only of driving while intoxicated, a Class B misdemeanor. This Court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b) (authorizing court of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (concluding

13

that Texas Rules of Appellate Procedure empower courts of appeals to reform judgments). Accordingly, we sustain Nevarez's second issue and we modify the judgment to reflect that Nevarez was convicted of the offense of driving while intoxicated, a Class B misdemeanor.

## IV. CONCLUSION

We affirm the trial court's judgment as modified.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of June, 2018.